Rowe, J.
As stated in the report this is “an action of contract to recover damages alleging that the plaintiff had the exclusive right to exhibit certain films in the United States and that the defendant in violation of the plaintiff’s rights exhibited said films at a profit as a result of which the plaintiff lost the profits and benefits from said exclusive rights to exhibit said films.” The trial judge found for the plaintiff and the defendant, claims to be aggrieved by the denial among others of his seventh request for ruling which reads as follows “There was no contract of bailment between the plaintiff and the defendant. ’ ’
The parties hereto were formerly partners in the business of exhibiting motion picture films. By written agreement dated Jan. 6, 1944 the partnership was dissolved and it is stated in the second paragraph of that agreement “the parties severally acknowledge there has been a full and correct accounting by and between the partners of all the partnership business and that full and complete settlement thereof has been made to their mutual satisfaction”.
*271 The plaintiff negotiated with the Sonora Film Company for the right to exhibit the films in question and on Jan. 18,1944 the film company wrote the plaintiff to take possession of the film” and Plaintiff’s Exhibit 3 is a letter from the film company dated Jan. 20, 1944 to the plaintiff’s representative in Lisbon fixing the fee at $250 for the term of one year from the date on which the plaintiff takes possession of the film”.
The defendant had possession of the film since Nov. 9, 1943, having received it from one Cordeira, who was also engaged in the business of exhibiting films. On Apr. 24, 1944 the defendant returned the film to Cordeira. The plaintiff first talked with the defendant about delivering the film to him around Feb. 10, 1944 and a second time on Mar. 18, 1944 before the film had been shown by the defendant. The plaintiff told the defendant he had the exclusive right to exhibit the film in the United States. The defendant did not deliver the film to the plaintiff after the request to do so. The plaintiff told the defendant not to show the film, but the defendant later did show the film. The plaintiff testified that he told the defendant that he had received a telegram from the film company giving the plaintiff the exclusive right to use the film, and that the defendant said that he would give him the film, but later refused to do so; and the defendant testified that he had requested the plaintiff to show him the telegram or other documentary evidence indicating that the plaintiff had the exclusive right to exhibit the film, but that the plaintiff did not do so and thereupon the defendant shipped the film to Cordeira from whom he had received it. The defendant did exhibit the film in March and April 1944 at a profit. The plaintiff seeks to recover damages because he lost the profits and benefits from his exclusive right to exhibit the film.
*272 These facts do not show a contract of bailment between the plaintiff and the defendant. The case sound in tort for wrongful exercise of dominion over the property and not in contract based upon a bailment between the plaintiff and the defendant as there was no such bailment. The cases relied on by the plaintiff to the point that as of February 10, 1944 the defendant held the film in question wrongfully and against the exclusive rights of the plaintiff were actions of tort and not of contract.
There was error in the denial of the defendant’s seventh request for ruling that there was no contract of bailment between the plaintiff and the defendant. Judgment for the defendant.